TO: CLERK - of U.S. District Court          11/3/22'
                TALLAHASSEE, FL

Re: "3rd" mailing & attempt
     to file motion/Petition.

Hello clerk, I did the following:

1) 10/4/22 mailed Petition,

2) Returned on 10/18/22.

3) 10/19/22 re-mailed Petition,

4) Returned on 11/2/22.

5) 11/3/22 re-mailed Petition.

See: (Not Deliverable) label, And next
A letter from (clerk of court).

Please send me proof of filing,

THANK YOU, F. Padgett

RCV'D USDC FLND TL
NOV 8 '22 AM 8:12

originally MAiled on
10/4/22, returned > mAiled on 10/19

NIXIE        326   SE 1        7210/12/22

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 33521103232    2247N285163-02058



**BILL KINSAUL**
**CLERK OF COURT**
**& COMPTROLLER**
BAY COUNTY

Federal Correctional Complex
F.C.C. Cole Medium
Foey Padgett # 06203-017
P.O. Box 1032
Coleman, Florida 33521


Dear Sir/Madam,

You have addressed your filing to 14th Judicial Circuit Court of Bay County, FL. We have enclosed an address print out for the Northern District of Florida. Please choose the appropriate address and forward to the same.

Thanks,
Civil Department

ATT: Clerk of US District Court

Re; Petition Enclosed for filing

Hello, I am pro-se,please file this Petition and send me proof of filing asap.

Sincerely, *Foey Padgett* 10-04-22

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

FOEY PADGETT JR.,Petitioner,

v

UNITED STATES OF AMERICA.

Crim. Case No. 506-CR-13-RS-001

PETITION FOR SENTENCE REDUCTION PURSUANT
TO THE FIRST STEP ACT OF 2018,18USC/3582(c)
AND 3582(d) FOR "EXTRAORDINARY AND COMPELLING
REASONS.(Court may construe this heading)

Comes now FOEY PADGETT JR.,hereinafter PETITIONER,acting as Pro-Se sites: <u>HAINES V KERNER</u> to be held to less
standards than normal attorneys are held to,files this in good faith and not for delays.

## HISTORY OF CASE

PETITIONER was arrested on 11/7/2005 on Methamphetamine related charges.PETITIONER was served with a Indictment on
1/24/2006.PETITIONER took a Plea and was enhanced in violation of 21USC/841 & 846,then the Government filed pursuant to
21USC/851 enhancement,showing the PETITIONER had previously been convicted of two drug offenses and was therefore
subject to the then-mandatory term of Life imprisonment.PETITIONER was then sentenced on 5/16/2006 to Life.

## PETITIONER ARGUES

<u>FIRST ISSUE:</u> Under The First Step Act of 2018,amended 21USC/851,reducing the enhanced mandatory minimum sentence
based on appropriate notice setting forth two prior predicate convictions,from Life imprisonment to 25 years.Instead of allowing
an enhancement based on any prior offense must be a "serious drug felony".<u>UNITED STATES v PUBIEN</u> 805 F Appx 727 730
(11th Cir 2020).
PETITIONER argues that if he were sentenced today,his two prior predicates offenses would not qualify as "serious drug
felony" pursuant to The First Step Act standards.PETITIONER Life sentence should be reduced.Amended by The First Step Act
of 2018 Pub L. No.115-391 401 132 Stat 5194 5220 (2018).

<u>SECOND ISSUE:</u> An 851 Enhancement,The Government used two prior predicates to invoke the 21USC/851
enhancement,therefore the PETITIONER was subjected to the then-mandatory term of Life imprisonment.Considering both
prior predicates that were used,were "simple possession" do not qualify as a "serious drug felony" under the difinition within The
First Step Act of 2018.
PETITIONER never did over 12 months on either prior predicate.PETITIONER should be re-sentenced minus the 851
enhancement.<u>UNITED STATES v REDD</u> No.197-CR-6 2020 US Dist LEXIS 45977 2020 WL 1248493 at 4 (E.D.Va mar
16,2020),
The First Step Act of 2018 Pub Case 404-CR-199,Doc 532 Filed 2/1/2021 page 2 of 11 No.115-391 /401(a) 132 Stat. 5194
5220 (2018).

## PETITIONERS TWO PRIOR PREDICATES

The Government used the two prior predicates to invoke the 851 enhancement.They are:
(1) case No.04-202CF,2/21/2005 Simple Possession of less than 1 gram of Meth.See Section 404 of the controlled
substance act 21USC/844."First time simple possession offense is a Federal misdemeanor and the maximum tern authorized
for such a conviction is less than one year.PETITIONER received 3 years probation.

(2) case No.96-152CF,11/12/1996 Simple Possession of little over 1 gram of meth.PETITIONER received 2 years
probation.

Even when PETITIONER violated his terms of probation,he only received 11 month and 29 days in jail.
Clearly,neither of PETITIONERS prior predicates qualify as a serious drug felony,which requires resentencing.


FILED USDC FLND TL
NOV 8 '22 AM 8:12

## First Step Act

Petitioner seeks a sentence reduction under the First Step Act of 2018, asserting that his prior drug convictions do not qualify as a "serious drug offense," as currently required by Section 401 of the First Step Act. (Cv. Doc. #2, pp. 12-13.) The First Step Act did make changes:

> First Step Act § 401 amended 21 U.S.C. § 841(b)(1)(A) by changing the mandatory penalties it imposed for repeat offenders, as well as altering the types of offenses that trigger those penalties. Specifically, while § 841(b)(1)(A) previously stated that a prior conviction for a "felony drug offense" would trigger mandatory penalties, First Step Act § 401(a) changed the prior-conviction requirement to a "**serious drug felony** or serious violent felony." First Step Act § 401(a) also changed the mandatory minimum sentence for defendants who have had two or more such prior convictions, from life imprisonment to 25 years. United States v. Pubien, 805 F. App'x 727, 730 (11th Cir. 2020). Section 401 does not provide a basis for relief because this portion of the First Step Act is not retroactive. Pubien, 805 F. App'x at 730 ("The First Step Act did not make § 401's amendments retroactively applicable to defendants sentenced prior to its enactment."); United States v. Taylor, 21-11689, 2021 U.S. App. LEXIS 33882, 2021 WL 5321846, at *2 (11th Cir. Nov. 16, 2021) ("However, this{2022 U.S. Dist. LEXIS 22} portion of the First Step Act is not retroactively applicable to offenders like Taylor who were sentenced prior to the enactment of the First Step Act. See First Step Act § 401(c), 132 Stat. at 5221."); United States v. Brown, 20-14668, 2021 U.S. App. LEXIS 30701, 2021 WL 4787135, at *2 (11th Cir. Oct. 14, 2021) ("In a separate section, the First Step Act also made changes to § 841(b)'s enhanced recidivist penalties, see id., § 401(a), but Congress specified that these amendments applied to only defendants who had not been sentenced by the enactment date of the First Step Act, December 21, 2018, id., § 401(c).")

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Title 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, allows a court to modify a prisoner's sentence "in any case" if:

> (A) the court . . . upon motion of the defendant . . . may reduce{2021 U.S. Dist. LEXIS 9} the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that-

> (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .18 U.S.C. § 3582(c)(1)(A)(i). The "applicable policy statements issued by the Sentencing Commission" are found in Section 1B1.13 of the U.S. Sentencing Guidelines Manual Application Notes, and a Court may not reduce a sentence under Section 3582 unless consistent with 1B1.13. United States v. Bryant, No. 19-14267, 996 F.3d 1243, 2021 WL 1827158, at *13 (11th Cir. May 7, 2021). Section 1B1.13, Application Note 1, provides that "extraordinary and compelling reasons exist under" the following circumstances relevant here:

> (A) Medical Condition of the Defendant.-

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

> (ii) The{2021 U.S. Dist. LEXIS 10} defendant is-

> (I) suffering from a serious physical or medical condition,

> (II) suffering from a serious functional or cognitive impairment, or

> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

(D) <u>Other Reasons.</u> -As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).U.S.S.G. § 1B1.13 cmt. n.1. Defendant must also not be a danger to the safety of any other person or to the community. <u>Id.</u>, § 1B1.13(2); 18 U.S.C. § 3142(g). Thus, a defendant is eligible for compassionate release if the district court finds "extraordinary and compelling reasons" that are "consistent with this policy statement" <u>Id.</u> § 1B1.13(1), (3). If there are such "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors. <u>United States v. Monaco</u>, 832 Fed. Appx. 623, 629 (11th Cir. 2020).

## Law

Generally speaking, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides:

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.18 U.S.C. § 3582(c)(1)(A)(i).1

The relevant policy statement is U.S.S.G. § 1B1.13. The policy statement{2022 U.S. Dist. LEXIS 3} provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that-

(1)(A) Extraordinary and compelling reasons warrant the reduction; or

(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.U.S.S.G. § 1B1.13. The application notes define four circumstances that qualify as "extraordinary and compelling reasons" for a reduction in sentence: (A) a terminal illness or a serious medical condition, (B) old age, (C) certain family circumstances, and (D) <u>other reasons</u>, other than or in combination with those listed in (A) through (C), as determined by the BOP Director. U.S.S.G. § 1B1.13, cmt. 1. The Eleventh Circuit has held that{2022 U.S. Dist. LEXIS 4} § 1B1.13 is an applicable policy statement, such that its substantive criteria govern motions for compassionate release filed by the BOP and defendants alike. <u>United States v. Bryant</u>, 996 F.3d 1243, 1247-48 (11th Cir. 2021); <u>see also United States v. Giron</u>, 15 F.4th 1343, 1346 (11th Cir. 2021). The Eleventh Circuit has also held that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." <u>Bryant</u>, 996 F.3d at 1248.

In the wake of Congress's passage of the First Step Act, several district courts have held that federal judges may use their discretion to apply the criteria in Section 1B1.13, including the "catch-all" provision in Subsection (D), just as the BOP Director would when considering a request for compassionate early release. *See United States v. Condon*, 458 F. Supp. 3d 1114, 2020 WL 2115807, at *3 (D.N.D. 2020) (listing cases); *United States v. Conner*, 465 F. Supp. 3d 881, 2020 WL 3053368, at *3 (N.D. Iowa 2020) ("Although the Guideline provides helpful guidance on what constitutes extraordinary and compelling reasons, it is not conclusive given the recent statutory changes."). The Court agrees with those district courts who have found that "extraordinary and compelling reasons" for release may be justified outside of those listed in the non-exclusive criteria of subsections (A)-(C) of the Sentencing Commission's policy statement. Of course, the Commission's existing policy statement provides helpful guidance, which the Court considers in its assessment. Applying this analysis, other district courts have found that the COVID-19 pandemic, in conjunction with other facts,{2021 U.S. Dist. LEXIS 10} qualifies as an "extraordinary and compelling" reason justifying a **sentence reduction**. *See United States v. Brown*, 457 F. Supp. 3d 691, 2020 WL 2091802, at *9 (S.D. Iowa 2020); *Miller v. United States*, 453 F. Supp. 3d 1062, 2020 WL 1814084, at *3-4 (E.D. Mich. 2020); *United States v. Rodriguez*, 451 F. Supp. 3d 392, 2020 WL 1627331, at *6-7 (E.D. Pa. 2020).

## THE 3553(a) FACTORS SUPPORT A SENTENCE REDUCTION

The Court must consider whether the sentence factors set forth in 18USC/3553(a) support a sentence reduction.PETITIONER has served almost 17 years of his sentence.He accepted responsibility for the offense and expressed remorse.He was a relatively low-level dealer but also a user himself.

PETITIONER engaged in exceptional education courses from 2006 to 2019,See: EXHIBIT-A enclosed.He has pretty much a perfect prison conduct record with only minor infractions.He is unlikely to recivivate.He has noted he had a difficult upbringing.He also suffers from pre-existing medical issues,with sleep disorder,diabetes,deteriorating disk in the back and obese.He did catch Covid-19 while in prison and has since been vaccinated with all boosters.He does have long-term covid side effects such as loss of taste,smell and body aches and pains and issues with breathing.

PETITIONER has a release plan to live with his sister,he owns property and homes.He plans to work and buy insurance for his health issues.He has limited family support (more details of release address on hand if needed) as most have passed away but what he  has,will support him and his release and in any assistance for money or any needs possible to restart his life.

## CONCLUSION

PETITIONER argues that his sentence should be reduced under 3582(d) the "catch-all" provision because his sentence is significantly disapproportionate with todays sentence standards.He contends that serving Life term for a crime that Congress now deems to merit a much lessor range of sentence constitutes Extraordinary and Compelling Reasons to warrant a sentence reduction.And if this is so,it is hard to argue that the unfairness of keeping a man in prison for decades more than if he had committed the same crime today is anything than other than compelling.This is especially so when PETITIONER almost certainly would have completed his term of imprisonment by now (if) sentenced under modern law.Thus,presents Extraordinary and Compelling Reasons for.a sentence reduction under 3582(d) or 3582(c)(1)(A)(i).

PETITIONER argues,his two prior predicates do not qualify as a "serious drug felony" which is defined as drug felony with a sentence of at least 12 months imprisonment.His two prior predicates were incredibly minor,drug possession,and only received probation.The Government used the two prior predicates for 851 enhancement,for a enhanced mandatory minimum sentence of Life,now The First Step Act of 2018 requires a prior offense must be a "serious drug felony" to invoke a 851 enhancement.He thus presents an Extraordinary and Compelling Reaons for a sentence reduction,MINUS the 851 enhancement.

PETITIONER argues his sentence should still be reduced under 3582(d) the "catch-all" provision because his sentence is significantly disproportionate with todays sentencing standards.

He contends that serving Life term that a crime that Congress now deems to merit a much lessor range of sentencing constitutes an Extraordinary and Compelling reasons to warrant a sentence reduction.

PETITIONER states his substantial rehabilitation during his 16+ years in prison constitutes Extraordinary and Compelling Reasons for release.Yet,a statute should be construed so that effect is given to all its provisions.CORLEY v UNITED STATES 556 US 303 314 129 S Ct 1558 173 L Ed 2d 443 (2009),quoting HIBBS v WINN 542 US 88 101 124 S ct 2276 159 L Ed 2d 172 (2004).This means that for the word "alone" to do any work-as it must-the statute allows the Courts to consider rehabilitation as part of a Compassionate Release Motion.Several Courts has found,rehabilitation to be part of the Extraordinary and Compelling reasons favoring release.UNITED STATES v CHAN No.96-CR 2020 US Dist LEXIS 56232,2020 WL 1527895 at 6 (N.D.Cal Mar 31,2020).

For the reasons stated above,supported by The First Step Act of 2018 as a new law,also U.S.Supreme Court recent ruling in; CONCEPCION v UNITED STATES,the Court has the discretion to adopt these newly decided laws and cases,to see if they will apply and can be applied to my case retroactive due to the prejudice and substantial rights that has been caused upon me within my criminal case,which can be viewed as Extraordinary and Compelling Reasons for sentence reduction,esp; the disparities and non-qualifying prior predicates,coupled with the 851 enhancement of life to decide.
PETITIONER requests the following;
    1) Change Life to 25 years,and/or
    2) Remove the 851 enhancement and resentence the PETITIONER.

PETITIONER asks for an Attorney to be appointed if the proceedings are allowed to proceed,and be by PHONE if needed in any hearings,or (if) the Court can drop the Life to 25 years and/or resentence minus the 851 enhancement,PETITIONER agrees to this open hearted.

Sincerely, _Foey Padget_

Submitted on:  Date- /0 -04 2022

Exhibits seen on next pages.


## EXHAUSTION OF ADMINISTRATIVE REMEDIES

PETITIONER contacted the Warden of his Institution on 8/31/2022 for a Reduction in Sentence Application pursuant to 3582,and the Warden has now denied the sentence reduction request on 10/13 2022,copies enclosed as EXHIBIT-D.


## CERTIFICATE OF SERVICE AND PRO-SE FILING
**********************************************************

Comes now,the PETITIONER Foey Padgett Jr hereby states,that he mailed a copy of this Petition to the CLERK of U.S.District Court in the Northern District of Florida by First Class Mail as USPS known as "mail matter" on the date noted below.Also,he states that he is Pro-Se in his filings and the Court may construe his Petition as they feel is needed,(HAINES v KERNER). And this was not for delays and made in good faith.

Sincerely, _Foey Padget_

Dated / 0 -0 4   2022


## CONTENTS OF EXHIBITS

EXHIBIT-A     BOP EDUCATIONAL CLASSES

EXHIBIT-B     CONCEPCION v UNITED STATES No.20-1650

EXHIBIT-C     SENTENCE MONITORING COMPUTATION DATE  8/17/2022

For the reasons stated above,supported by The First Step Act of 2018 as a new law,also U.S.Supreme Court recent ruling in; CONCEPCION v UNITED STATES,the Court has the discretion to adopt these newly decided laws and cases,to see if they will apply and can be applied to my case retroactive due to the prejudice and substantial rights that has been caused upon me within my criminal case,which can be viewed as Extraordinary and Compelling Reasons for sentence reduction,esp; the disparities and non-qualifying prior predicates,coupled with the 851 enhancement of life to decide.
PETITIONER requests the following;

     1) Change Life to 25 years,and/or
     2) Remove the 851 enhancement and resentence the PETITIONER.

PETITIONER asks for an Attorney to be appointed if the proceedings are allowed to proceed,and be by PHONE if needed in any hearings,or (if) the Court can drop the Life to 25 years and/or resentence minus the 851 enhancement,PETITIONER agrees to this open hearted.

Sincerely, _Foey Padget_

Submitted on:  Date- _10-04_ 2022

Exhibits seen on next pages.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

PETITIONER contacted the Warden of his Institution on 8/31/2022 for a Reduction in Sentence Application pursuant to 3582,and the Warden has now denied the sentence reduction request on _10/13_ 2022,copies enclosed as EXHIBIT-D.

## CERTIFICATE OF SERVICE AND PRO-SE FILING

Comes now,the PETITIONER Foey Padgett Jr hereby states,that he mailed a copy of this Petition to the CLERK of U.S.District Court in the Northern District of Florida by First Class Mail as USPS known as "mail matter" on the date noted below.Also,he states that he is Pro-Se in his filings and the Court may construe his Petition as they feel is needed,(HAINES v KERNER). And this was not for delays and made in good faith.

Sincerely, _Foey Padget_                       Dated _10-04_  2022

## CONTENTS OF EXHIBITS

EXHIBIT-A      BOP EDUCATIONAL CLASSES

EXHIBIT-B      CONCEPCION v UNITED STATES No.20-1650

EXHIBIT-C      SENTENCE MONITORING COMPUTATION DATE  8/17/2022



**Individualized Needs Plan - Program Review**   **(Inmate Copy)**   SEQUENCE: 01334339
Dept. of Justice / Federal Bureau of Prisons   Team Date: 05-09-2022
Plan is for inmate: PADGETT, FOEY B JR   06203-017

| | |
|---|---|
| Facility: | COM  COLEMAN MED FCI |
| Name: | PADGETT, FOEY B JR |
| Register No.: | 06203-017 |
| Age: | 57 |
| Date of Birth: | 10-23-1964 |

| | |
|---|---|
| Proj. Rel. Date: | UNKNOWN |
| Proj. Rel. Mthd: | LIFE |
| DNA Status: | COP00938 / 05-05-2010 |

EXHIBIT-A

## Detainers

| Detaining Agency | Remarks |
|---|---|

NO DETAINER

## Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| COM | B1 UNT EXT | B1 UNIT ORDERLY - EXTRA | 11-01-2021 |

## Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| COM | ESL HAS | ENGLISH PROFICIENT | 09-15-2006 |
| COM | GED DN | DROPPED GED NON-PROMOTABLE | 06-15-2017 |
| COM | GED UNSAT | GED PROGRESS UNSATISFACTORY | 06-23-2009 |

## Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| CAA | C | OSHA | 01-22-2019 | 02-20-2019 |
| CAA | C | RPP2 INTERVIEW/RESUME CLASS | 05-30-2018 | 06-27-2018 |
| CAA | C | RPP3 MANAGING YOUR MONEY | 01-22-2018 | 04-10-2018 |
| CAA | C | INTRO TO WORLD OF BUSINESS. | 11-13-2017 | 12-19-2017 |
| CAA | C | PRACTICAL LIFE SKILLS | 11-13-2017 | 12-19-2017 |
| CAA | C | NATIONAL PARKS | 10-05-2017 | 11-08-2017 |
| CAA | C | FUNDAMENTALS OF REAL ESTATE. | 07-01-2017 | 08-28-2017 |
| CAA | C | BASIC WRITING STYLES/IDEAS. | 07-01-2017 | 08-28-2017 |
| CAA | W | SLN 108 OM 12 | 09-26-2016 | 06-15-2017 |
| CAA | C | CDL PREPARATION CLASS. | 04-01-2017 | 06-06-2017 |
| CAA | C | BASIC WRITING STYLES/IDEAS. | 04-01-2017 | 05-06-2017 |
| CAA | C | US HISTORY 2 | 04-01-2017 | 06-02-2017 |
| CAA | C | WEATHER DEVELOPMENT. | 01-06-2017 | 03-01-2017 |
| CAA | C | CDL PREPARATION CLASS. | 10-15-2016 | 11-16-2016 |
| CAA | C | PUBLIC SPEAKING CLASS. | 09-06-2016 | 09-30-2016 |
| COP | C | HEALTH/NUTRITION CLASS | 03-04-2013 | 06-19-2013 |
| COP | C | JOB FAIR INTERVIEW | 01-07-2013 | 02-21-2013 |
| COP | C | RPP HEALTH/NUTRITION #1 | 05-15-2012 | 05-15-2012 |
| COP | W | GED AM ROOM2 TUES/THURS | 04-06-2009 | 06-23-2009 |
| COP | C | RPP5 RELEASE REQUIREMENT CLASS | 09-21-2006 | 09-21-2006 |

## Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS **

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 07-22-2010 |
| CARE2 | STABLE, CHRONIC CARE | 07-06-2018 |

## Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| CPAP | CPAP MACHINE | 03-08-2022 |
| LOWER BUNK | LOWER BUNK REQUIRED | 04-06-2022 |
| REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 12-03-2012 |
| STAND RSTR | NO PROLONGED STANDING | 05-29-2012 |
| YES F/S | CLEARED FOR FOOD SERVICE | 12-07-2017 |

TRULINCS

EXHIBIT B

---------------------------------------------------------------------------------------

SUBJECT: RE: FEDERAL PRISON NEWSLETTER FOR JUNE 27, 2022 (P
DATE: 08/08/2022 02:01:47 PM

<>

<> Concepcion<>

<>

-----Gordon, Jeremy on 6/27/2022 1:21 PM wrote:

>

FEDERAL PRISON NEWSLETTER FOR JUNE 27, 2022 (Part Two)

Hi Everyone,

Here is Part Two to today's newsletter. The Supreme Court issued a decision in Concepcion holding that the First Step Act allows district courts to consider intervening changes in law when resentencing a defendant. The syllabus is copied below.

CONCEPCION v. UNITED STATES

No. 20-1650

Syllabus

Congress passed the Fair Sentencing Act of 2010 to correct the wide disparity between crack and powder cocaine sentencing. Section 2 of that Act increased the amount of crack cocaine needed to trigger a 5-to-40-year sentencing range from 5 grams to 28 grams. 2(a)(2), 124 Stat. 2372. The Fair Sentencing Act did not apply retroactively, but in 2011, the Sentencing Commission amended the Sentencing Guidelines to lower the Guidelines range for crack-cocaine offenses and applied that reduction retroactively for some defendants. In 2018, Congress enacted the First Step Act, authorizing district courts to "impose a reduced sentence" on defendants serving sentences for certain crack-cocaine offenses "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Pub. L. 115 391, 404(b), 132 Stat. 5222.

In 2007, petitioner Carlos Concepcion pleaded guilty to one count of distributing five or more grams of crack cocaine in violation of 21 U. S. C. 841(a)(1), and he was sentenced in 2009 to 19 years (228 months) in prison. When Concepcion was sentenced, he qualified for sentencing as a "career offender." The career offender provision and other enhancements increased Concepcion's Sentencing Guidelines range from 57 to 71 months to 262 to 327 months. Because Concepcion was sentenced as a career offender, he was not eligible for relief under the Sentencing Commission's 2011 amendment.

In 2019, Concepcion filed a pro se motion for a sentence reduction under the First Step Act. He argued that he was serving a sentence for a "covered offense" because 2 of the Fair Sentencing Act "modified" the statutory penalties for his conviction under 21 U. S. C. 841(a)(1). Concepcion contended that retroactive application of the Fair Sentencing Act lowered his Guidelines range from 262 to 327 months to 188 to 235 months. The Government conceded Concepcion's eligibility for relief but opposed the motion, emphasizing that Concepcion's original sentence of 228 months fell within the new Guidelines range of 188 to 235 months, and citing factors in Concepcion's prison record that the Government believed counseled against a sentence reduction. In his reply brief, represented by counsel, Concepcion made two primary arguments in support of a reduced sentence. First, he argued that he would no longer be considered a career offender because one of his prior convictions had been vacated and his remaining convictions would not constitute crimes of violence that trigger the enhancement. Without the enhancement, Concepcion contended that his revised Guidelines range should be 57 to 71 months. Second, Concepcion pointed to postsentencing evidence of rehabilitation.

The District Court denied Concepcion's motion. It declined to consider that Concepcion would no longer qualify as a career offender based on its judgment that the First Step Act did not authorize such relief. App. to Pet. for Cert. 72a. The District Court did not address Concepcion's evidence of rehabilitation or the Government's countervailing evidence of Concepcion's disciplinary record. The Court of Appeals affirmed in a divided opinion, and added to the disagreement among the Circuits as to whether a district court deciding a First Step Act motion must, may, or may not consider intervening changes of law or fact.

LINCS

---

Held: The First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence. Pp. 6 18.

(a) Federal courts historically have exercised broad discretion to consider all relevant information at an initial sentencing hearing, consistent with their responsibility to sentence the whole person before them. That discretion also carries forward to later proceedings that may modify an original sentence. District courts' discretion is bounded only when Congress or the Constitution expressly limits the type of information a district court may consider in modifying a sentence. Pp. 6 11.

(1) There is a "long" and "durable" tradition that sentencing judges "enjo[y] discretion in the sort of information they may consider" at an initial sentencing proceeding. Dean v. United States, 581 U. S. 62, 66. That unbroken tradition also characterizes federal sentencing history. Indeed, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U. S. 81, 113. Accordingly, a federal judge in deciding to impose a sentence "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U. S. 443, 446. Pp. 6 8.

(2) The discretion federal judges hold at initial sentencings also characterizes sentencing modification hearings. The Court in Pepper v. United States, 562 U. S. 476, found it "clear that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." Id., at 490. Accordingly, federal courts resentencing individuals whose sentences were vacated on appeal regularly consider evidence of rehabilitation, or evidence of rule breaking in prison, developed after the initial sentencing. Where district courts must calculate new Guidelines ranges as part of resentencing proceedings, courts have also exercised their discretion to consider nonretroactive Guidelines changes. In some cases, a district court is prohibited from recalculating a Guidelines range to account for nonretroactive Guidelines amendments, but the court may nevertheless find those amendments to be germane when deciding whether to modify a sentence at all, and if so, to what extent. Pp. 8 9.

(3) The only limitations on a court's discretion to consider relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution. See Pepper, 562 U. S., at 489, n. 8; Mistretta v. United States, 488 U. S. 361, 364. Congress has placed such limits where it deems them appropriate. See 18 U. S. C. 3582(a), 3583(c). Congress has further imposed express statutory limitations on one type of sentencing modification proceeding, expressly cabining district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements. See also 3582(c)(1)(A) (compassionate release). Pp. 9 11.

(b) Congress in the First Step Act did not contravene well-established sentencing practices. Pp. 11 18.

(1) Nothing in the text and structure of the First Step Act expressly, or even implicitly, overcomes the established tradition of district courts' sentencing discretion. The text of the First Step Act does not so much as hint that district courts are prohibited from considering evidence of rehabilitation, disciplinary infractions, or unrelated Guidelines changes. The only two limitations on district courts' discretion appear in 404(c): A district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act. Neither limitation applies here. By its terms, 404(c) does not prohibit district courts from considering any arguments in favor of, or against, sentence modification. In fact, 404(c) only underscores that a district court is not required to modify a sentence for any reason. "Drawing meaning from silence is particularly inappropriate" in the sentencing context, "for Congress has shown that it knows how to direct sentencing practices in express terms." Kimbrough v. United States, 552 U. S. 85, 103.

The "as if " clause in 404(b) does not impose any limit on the information a district court can consider in exercising its discretion under the First Step Act. The term "as if " simply enacts the First Step Act's central goal: to make retroactive the changes in the Fair Sentencing Act, necessary to overcome 1 U. S. C. 109, which creates a presumption that Congress does not repeal federal criminal penalties unless it says so "expressly." The "as if " clause also directs district courts to apply the Fair Sentencing Act as if it applied at the time of the commission of the offense, not at the time of the original sentencing, suggesting that Congress did not intend to constrain district courts to considering only the original sentencing record. Thus, the "as if " clause requires district courts to apply the legal changes in the Fair Sentencing Act when recalculating a movant's Guidelines, but it does not limit the information a district court may use to inform its decision whether and how much to reduce a sentence. Pp. 11 14.

(2) Consistent with this text and structure, district courts deciding First Step Act motions regularly have considered evidence of postsentencing rehabilitation and unrelated Guidelines amendments when raised by the parties. First Step Act movants have amassed prison records of over a decade. See 404(a), 132 Stat. 5222 (requiring the movant to have been sentenced for an

LINCS

---------------------------------------------------------------------------------------

ffense "committed before August 3, 2010"). Those records are naturally of interest to judges authorized by the First Step Act to reduce prison sentences or even to release movants immediately. Likewise, when deciding whether to grant First Step Act motions and in deciding how much to reduce sentences, courts have looked to postsentencing evidence of violence or prison infractions as probative. Moreover, when raised by the parties, district courts have considered nonretroactive Guidelines amendments to help inform whether to reduce sentences at all, and if so, by how much. Nothing express or implicit in the First Step Act suggests that these courts misinterpreted the Act in considering such relevant and probative information. Pp. 14 16.

(3) The Court therefore holds that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act. When deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' nonfrivolous arguments. See Golan v. Saada, 596 U. S. ___, ___. The district court is not required to articulate anything more than a brief statement of reasons. See Rita v. United States, 551 U. S. 338, 356.

The broad discretion that the First Step Act affords to district courts also counsels in favor of deferential appellate review. See Solem v. Helm, 463 U. S. 277, 290, n. 16. Section 404(c) of the First Step Act confers particular discretion because the Act does not "require a court to reduce any sentence." Other than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, see Gall v. United States, 552 U. S. 38, 51, appellate review should not be overly searching. Pp. 16 18.

991 F. 3d 279, reversed and remanded.

Sotomayor, J., delivered the opinion of the Court, in which Thomas, Breyer, Kagan, and Gorsuch, JJ., joined. Kavanaugh, J., filed a dissenting opinion, in which Roberts, C. J., and Alito and Barrett, JJ., joined.

CONCLUSION

That is all I have for you today. Another newsletter will come out on Friday. Take care and stay safe.

Jeremy Gordon, Esq.
P.O. Box 2275
Mansfield, Texas 76063
Tel: 972-483-4865
Website: www.gordondefense.com
Email: Info@topfederallawyer.com (newsletter sign-up)
Info@gordondefense.com (retention inquiries)
www.facebook.com/gordondefense (please visit and "like")

```
  COMHB  540*23 *        SENTENCE MONITORING        *      08-17-2022
PAGE 001        *        COMPUTATION DATA           *      14:26:07
                         AS OF 08-17-2022
```

EXHIBIT C

REGNO..: 06203-017 NAME: PADGETT, FOEY B JR

```
FBI NO...........: 370226CA2          DATE OF BIRTH: 10-23-1964  AGE:  57
ARS1.............: COM/A-DES
UNIT.............: B 1                 QUARTERS.....: B01-025U
DETAINERS........: NO                  NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

THE INMATE IS PROJECTED FOR RELEASE: LIFE

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: FLORIDA, NORTHERN DISTRICT
DOCKET NUMBER...................: 5:06CR13-RS-001
JUDGE...........................: SMOAK
DATE SENTENCED/PROBATION IMPOSED: 05-24-2006
DATE COMMITTED..................: 09-08-2006
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $600.00         $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00
```

------------------------CURRENT OBLIGATION NO: 010 --------------------------
```
OFFENSE CODE....:  383     21:841 SCH II NON-NARCOTIC
OFF/CHG: 21:846 CONSPIRACY TO DIST & PWITD 50 GRMS OF METHAMPHETAMINE.
         21:841 POSSESSION W/I TO DISTRIBUTE 5 GRAMS METHAMPHETAMINE.

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 TERM OF SUPERVISION............:    10 YEARS
 DATE OF OFFENSE................: 08-22-2005
```

G0002        MORE PAGES TO FOLLOW . . .

```
   COMHB  540*23 *              SENTENCE MONITORING          *      08-17-2022
PAGE 002          *             COMPUTATION DATA             *      14:26:07
                                AS OF 08-17-2022
```

REGNO..: 06203-017 NAME: PADGETT, FOEY B JR


-----------------------CURRENT OBLIGATION NO: 020 -------------------------
OFFENSE CODE....:  130     18:924(C) FIREARMS LAWS         FSA INELIGIBLE
OFF/CHG: 18:924(C)(1)(A) POSSESSION OF A FIREARM DURING A DRUG
         TRAFFICKING OFFENSE.

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    60 MONTHS
  TERM OF SUPERVISION............:     5 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS TO 010
  DATE OF OFFENSE................: 11-07-2005

-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-28-2009 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-11-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 05-24-2006
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED TERM OF SUPERVISION..:    10 YEARS
EARLIEST DATE OF OFFENSE........: 08-22-2005

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    11-07-2005   05-23-2006

G0002        MORE PAGES TO FOLLOW . . .

```
  COMHB  540*23 *              SENTENCE MONITORING        *      08-17-2022
PAGE 003 OF 003 *              COMPUTATION DATA           *      14:26:07
                               AS OF 08-17-2022
```

REGNO..: 06203-017 NAME: PADGETT, FOEY B JR


TOTAL PRIOR CREDIT TIME.........: 198
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: N/A
ELDERLY OFFENDER TWO THIRDS DATE: N/A
EXPIRATION FULL TERM DATE.......: LIFE

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE

REMARKS.......: TERM OF IMPRISONMENT IMPOSED ON COUNT 7, 60 MONTHS WILL RUN
                CONSECUTIVELY TO THE TERMS OF IMPRISONMENT IMPOSED ON COUNTS
                1-5.


G0000      TRANSACTION SUCCESSFULLY COMPLETED

Before completing this application, please review Program Statement 5050.50, Compassionate Release/Reduction in Sentence (RIS), available in the law library.

## REDUCTION IN SENTENCE APPLICATION

NAME: _Foey Padgett_    REG No. _06203-017_    Date: _8/31/2022_

**WHO IS YOUR PHYSICIAN (circle):**    Franco    Li    Bonnet-Engebretson    Venuto

**Choose One Criteria:** You can only apply under one criteria.

**Extraordinary/Compelling Circumstances:**

☐ **Medical Circumstances:**
☐ Terminal Medical Condition – Terminal Diagnosis with 18 months or less life expectancy.
☐ Debilitated Medical Condition – Illness that has you partially (50%) or completely (100%) disabled.

☐ **Elderly Inmates with a Medical Condition:**
☐ "New Law" Elderly Inmates – Have to have served 30 years of a sentence.
☐ Elderly with Medical Conditions – 65 yrs. old or older, a deteriorating medical condition, served 50% of your sentence.

☐ **Elderly Inmates without a Medical Condition:** - 65 yrs. old or older, Served 10 yrs. or 75% of your sentence (which is greater)

☐ **Death or Incapacitation of the Family Member Caregiver of an inmate's dependent child:** -provide verifiable documentation the child is "suddenly" without a caretaker, the family member is in an incapacitated state and is unable to care for the child.
☐ **Incapacitation of a Spouse or Registered Partner:** -Provide verifiable medical documentation of incapacitated state.

☒ **Other:**-Extraordinary and Compelling Circumstance

## To be filled out by Inmate:

Briefly describe your medical condition or extraordinary and compelling circumstance:
_My 2 Prior Predicates do not qualify as "Crime of violence" under the FSA of 2018, I must be resentenced._

If you have applied before, has anything changed in your medical condition since your last application? _____

**Proposed Release Plan (must have ALL of the following):**

Name and contact information of who you will live with: _Janice Conner, 1537 Will Lee Rd, Bonifay, FL 32425, 850-547-1770_
When was the last time you spoke to this person concerning your release plan? _8/18/22'_

Is this person willing to care for you? _Yes_

Address of where you will be living: _Same as above_

Where will you receive your medical treatment (if applicable)? _Local Doctor clinic/ medicade_

How will you pay for your treatment (if applicable)? _Family has money, also will get Insc._

Additional Comments: _Resentence due to disparity of my sentence – if I was sentenced today._

Rev 3/20

**Response to Inmate Request to Staff**

Inmate:  Padgett, Foey B JR.
Register Number:  06203-017
Institution / Housing Unit:  COM/B1-025U

You requested a Reduction In Sentence (RIS) based on Extraordinary and Compelling Circumstances.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons.  BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.  Your request has been evaluated consistent with this general guidance.

Challenges to an inmate's sentence length directly related to their conviction are not considered extraordinary or compelling circumstances by the Bureau of Prisons. These challenges should be addressed by the inmate either filing a direct appeal or a habeas corpus action. After careful consideration, your request is denied.

Based upon all the information gathered, you have not met the requirements outlined in the first stage of the Warden's review.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_____
S. Salem, Warden

10-13-22
Date

_____
Inmate Signature/Received Copy

10-13-22
Date

Federal Correctional Complex
F.C.C. Coleman Medium
Foey Padgett, #06203-017
P.O. Box 1032
Coleman, Florida 33521

To

Unit

Tr

c/o Clerk, Please file.



ed States Courthouse
11 N. Adams St.
llahassee, Florida
32301

Legal Mail